**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2481
_____

JANE DOE,
        Appellant

v.

NORTHERN REGIONAL POLICE DEPARTMENT OF ALLEGHENY COUNTY;
DETECTIVE SCOTT RICK

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(District Court No. 2:22-cv-01628)
District Judge: Honorable Robert J. Colville

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
July 10, 2025

_____

Before: RESTREPO, BIBAS, and CHUNG, Circuit Judges

(Filed: July 16, 2025)
_____

OPINION[*]
_____

CHUNG, Circuit Judge.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jane Doe, who alleges that she was sexually assaulted by a fellow student at her high school, brought suit against Detective Scott Rick and the Northern Regional Police Department ("NRPD") (collectively, "Defendants") after Detective Rick's investigation of her assault did not lead to charges against Doe's alleged assaulter. Doe asserts that Detective Rick and the NRPD violated the Equal Protection Clause and Doe's substantive due process rights under the Fourteenth Amendment based on Detective Rick's purportedly inadequate investigation. She also argues that Detective Rick is liable under Pennsylvania law for intentional infliction of emotional distress and negligent infliction of emotional distress. The District Court dismissed Doe's Second Amended Complaint ("SAC") with prejudice, and because we agree that Doe failed to state a claim for relief on her federal law claims, we will affirm.

I.   BACKGROUND[1]

Doe, who is Hispanic and was born in Guatemala, was a minor and student at Pine-Richland High School ("the High School") at the time of the relevant incidents. Doe alleges that during the school day on January 7, 2019, a minor male student, A.M., "ignoring [Doe's] pleas to stop and physical resistance, … restrained her [in a school restroom], vaginally raped her with his penis, finger and tongue, forced her to perform oral sex, and attempted to anally rape her." App. 32a. Doe reported the incident to Pine-Richland School District ("the School District") personnel, law enforcement, and medical professionals that same day. Doe gave a video-recorded statement to NRPD Detective

---

[1] Because we write for the parties, we recite only the facts pertinent to our decision.

2

Rick, a white male. On March 7, 2019, Detective Rick informed Doe's mother that the Allegheny County District Attorney's Office decided not to prosecute A.M.

Doe also alleges that A.M. committed other unpunished sexual assaults. For example, a few months before A.M.'s attack on Doe, "A.M. [was] reported to the [School District] for sexually harassing a female elementary school student." Id. Moreover, at some point "several months after the attack," Detective Rick was informed that A.M. had been accused of sexually assaulting another female student on a school bus, but Detective Rick "never investigated the assault" and "never even documented in an incident report the sexual assault complaint filed by the victim's mother." Id.

Doe asserts that Detective Rick conducted an "incomplete and inadequate" investigation that weakened the case for prosecuting A.M., cast the encounter between her and A.M. as consensual, and made her appear less credible. App. 41a. She further contends that the NRPD is biased against Hispanic people (and particularly Hispanic young women) because NRPD officers previously "detained and imprisoned for 11 hours, a young female American citizen of Hispanic descent who legally immigrated into the United State[s] as an infant, solely based on the groundless belief that she might be an undocumented alien," and because "Pine-Richland Township is 91% White and only 1% Hispanic." App. 42a–43a.

Doe filed suit against Defendants in the Court of Common Pleas, Allegheny County, and Defendants removed the case to the District Court. The SAC claims that Defendants violated (1) the Equal Protection Clause and (2) Doe's substantive due process rights under the Fourteenth Amendment. It also alleges that Detective Rick

committed the state-law torts of (3) intentional infliction of emotional distress and (4) negligent infliction of emotional distress. Doe also alleged, not in the body of the SAC, but in other briefing before the District Court, that her two counts against Defendants were implicitly Monell claims, seeking to hold the NRPD liable for Detective Rick's constitutional violations. Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978). Defendants moved to dismiss the SAC under Rule 12(b)(6). The District Court dismissed the federal law claims in Doe's SAC with prejudice and declined to exercise supplemental jurisdiction over the Pennsylvania law claims. Doe timely appealed the District Court's order, arguing that the District Court's dismissal of the federal claims was in error. For the reasons below, we will affirm the District Court's order.

II.    DISCUSSION[2]

"A motion to dismiss pursuant to Federal Rule 12(b)(6) should be granted only if, accepting as true the facts alleged and all reasonable inferences that can be drawn therefrom there is no reasonable reading upon which the plaintiff may be entitled to relief." Vallies v. Sky Bank, 432 F.3d 493, 494 (3d Cir. 2006) (internal quotation marks omitted). While "detailed factual allegations" are not required to survive a Rule 12(b)(6) motion to dismiss, "a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

---

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331, 1343(a)(3) and 1367. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over an order granting a Rule 12(b)(6) motion. W. Penn Allegheny Health Sys., Inc. v. UPMC, 627 F.3d 85, 97 (3d Cir. 2010).

555 (2007) (cleaned up).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009) (quoting Fed. R. Civ. P. 8(a)(2)).

  A. <u>Doe fails to state a claim for violations of her rights under the Equal Protection Clause of the Fourteenth Amendment.</u>

Doe alleges that Detective Rick's purported bias against young Hispanic women interfered with his investigation of Doe's sexual assault, leading prosecutors to not bring charges against A.M., thereby violating Doe's rights under the Equal Protection Clause of the Fourteenth Amendment.  Specifically, Doe argues that Detective Rick "intentionally treated [her] differently" than other sexual assault victims by "disbelieving her consistent statements and acting in a manner to protect A.M. because of [Doe]'s race and ethnicity."  App. 47a.

The Equal Protection Clause of the Fourteenth Amendment provides that "[n]o State shall … deny to any person within its jurisdiction the equal protection of the laws."  U.S. CONST. amend. XIV.  "At bottom, the Equal Protection Clause requires equal treatment of 'all persons similarly situated.'"  Stradford v. Sec'y Pa. Dep't of Corr., 53 F.4th 67, 73 (3d Cir. 2022) (quoting Ass'n of N.J. Rifle & Pistol Clubs, Inc. v. Att'y Gen. N.J., 910 F.3d 106, 125 (3d Cir. 2018)).  To state a claim that law-enforcement conduct violated the Equal Protection Clause, a plaintiff must plausibly allege that the challenged conduct (1) "had a discriminatory effect", and (2) "was motivated by a discriminatory

5

purpose." Carrasca v. Pomeroy, 313 F.3d 828, 834 (3d Cir. 2002). A plaintiff can show discriminatory effect by demonstrating "that the Government has treated [her] differently from a similarly situated party." Stradford, 53 F.4th at 73 (quoting Real Alts., Inc. v. Sec'y Dep't of Health & Hum. Servs., 867 F.3d 338, 348 (3d Cir. 2017)); Engquist v. Or. Dep't of Agric., 553 U.S. 591, 602 (2008). "Persons are similarly situated under the Equal Protection Clause when they are alike in all relevant aspects." Startzell v. City of Phila., 533 F.3d 183, 203 (3d Cir. 2008) (internal quotation marks omitted); see also Stradford, 53 F.4th at 74.

 Here, Doe's SAC mentions three other individuals: (1) a young Hispanic woman who was wrongly detained by the NRPD on the erroneous belief that she was an illegal alien; (2) a "female elementary school student," whose race and ethnicity Doe does not identify, who was sexually harassed by A.M., and who reported her harassment to the School District; and (3) a female student, whose race and ethnicity Doe does not identify, who was sexually assaulted by A.M. on a school bus and whose case was allegedly not properly investigated or documented by Detective Rick. App. 32a. Doe does not allege that any of these would-be comparators were "treated differently," as two allegedly had negative experiences with the NRPD and Detective Rick, and one was alleged to only have contact with the School District. See Hill v. Borough of Kutztown, 455 F.3d 225, 239 (3d Cir. 2006). Doe's failure to identify in her SAC any similarly situated individuals that Detective Rick or the NRPD treated differently than her is fatal to her Equal Protection Clause claim. See id. (citing Levenstein v. Salafsky, 414 F.3d 767, 776 (7th Cir. 2005)).

6

Even if Doe had alleged similarly situated individuals, her Equal Protection Clause claim would still fail because she has failed to plausibly allege "motivat[ion] by a discriminatory purpose," Carrasca, 313 F.3d at 834, which "implies more than intent as volition or intent as awareness of consequences. It implies that the decisionmaker … selected or reaffirmed a particular course of action at least in part because of, not merely in spite of, its adverse effects upon an identifiable group." Bray v. Alexandria Women's Health Clinic, 506 U.S. 263, 271–72 (1993) (alteration in original) (quoting Personnel Adm'r, 442 U.S. 256, 279 (1979)). Doe cites to a report finding that police officers erroneously overestimate the rate of false accusations of sexual assault, but provides no argument as to how this report is connected to Detective Rick or the NRPD specifically. Doe also discusses the NRPD's arrest and detention of a Hispanic minor, but offers no evidence that this conduct was motivated by racial or ethnic bias, much less that such bias can be imputed to NRPD as a policy or to Detective Scott as an individual. Doe does not even allege that Detective Scott was involved in this incident. The only allegations in the SAC directly related to Defendants are Doe's assertions that Detective Rick is white, the population of Pine Richland Township is predominantly white, and that Detective Rick misidentified Doe as white on his police report. None of these factual allegations support an inference that any of Detective Rick's or the NRPD's actions were motivated by a bias based on Doe's race, ethnicity, and age. Iqbal, 556 U.S. at 679 ("[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" (quoting Fed. R. Civ. P. 8(a)(2))).

As a result, because Doe has failed to identify any other similarly situated individuals and failed to plausibly allege that Defendants were motivated to discriminate against her on the basis of her race, age, or ethnicity, we will affirm as to her Equal Protection claim.

    B.    <u>Doe's substantive due process claim fails.</u>

Doe next alleges that the same actions taken by Detective Rick were an "arbitrary assertion of government authority," violating her substantive due process rights under the Fourteenth Amendment.  App. 48a–49a.

The Fourteenth Amendment to the United States Constitution provides that "[n]o state shall … deprive any person of life, liberty, or property, without due process of law." U.S. CONST. amend. XIV.  "[T]o prevail on a substantive due process claim, 'a plaintiff must prove the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience.'"  <u>Chambers ex rel. Chambers v. Sch. Dist. of Phila. Bd of Educ.</u>, 587 F.3d 176, 190 (3d Cir. 2009) (quoting <u>Chainey v. Street</u>, 523 F.3d 200, 219 (3d Cir. 2008)); <u>Nicholas v. Pa. State Univ.</u>, 227 F.3d 133, 139 (3d Cir. 2000) (quoting <u>Woodwind Estates, Ltd. v. Gretkowski</u>, 205 F.3d 118, 123 (3d Cir. 2000) (the Fourteenth Amendment protects against deprivations that are "arbitrary, irrational, or tainted by improper motive.").  "[O]nly the most egregious official conduct can be said to be arbitrary in the constitutional sense." <u>Chainey</u>, 523 F.3d at 219 (internal quotation marks omitted).

Here, it is unclear what particular substantive due process interest Doe alleges was implicated. The SAC merely states that "Defendants' actions were an egregious, outrageous, and arbitrary assertion of government authority that shocked the conscience and violated Ms. Doe's right to substantive due process." App. 49a. As Doe has failed to allege any "particular interest" that is "protected by the substantive due process clause," as is required to prevail on a substantive due process claim, see Chambers, 587 F.3d at 190 (quoting Chainey, 523 F.3d at 219), Doe has failed to state a claim for violation of her substantive due process rights.

Even if Doe had alleged a deprivation of some protected interest under the Fourteenth Amendment, Doe has alleged no facts that "shock[] the conscience." Chambers, 587 F.3d at 190 (internal quotation marks omitted). Detective Rick conducted an investigation of the alleged assault. While his investigation may have had errors, or omitted parts of Doe's allegations, the investigation was not so "egregious" that it could be considered "arbitrary in the constitutional sense." Chainey, 523 F.3d at 219 (internal quotation marks omitted). We therefore conclude that the District Court did not err in finding that Doe failed to state a claim for a violation of her substantive due process rights. See Iqbal, 556 U.S. at 679. We will thus affirm as to Doe's Due Process claim.

  C. <u>Doe has failed to state a claim for the NRPD's liability under *Monell*.</u>

Last, Doe argues that the NRPD is liable under Monell for the alleged constitutional violations caused by Detective Rick. Doe has failed to include a single citation to Monell in her SAC, but instead, argues that her Monell claims are implied by virtue of the fact that she brings her federal law claims against both Detective Rick and

9

the NRPD. Even assuming that Doe had properly pleaded a <u>Monell</u> claim, we will affirm the dismissal of that claim.

<u>Monell</u> provides that "[l]ocal governing bodies … can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where … the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation or decision officially adopted and promulgated by that body's officers." <u>Monell</u>, 436 U.S. at 690. Here, Doe's <u>Monell</u> claim clearly fails. As noted in the two preceding sections, Doe has failed to plausibly allege any unconstitutional action taken by Detective Rick. Therefore, she has also failed to plausibly allege that an NRPD policy or practice is the reason behind these alleged violations. Accordingly, we will affirm here as well.

III.   <u>CONCLUSION</u>

The facts alleged by Doe regarding the investigation of her sexual assault are troubling, and the record reflects the significant mental and physical toll that that the alleged assault has taken on Doe. But because Doe failed to state any of the federal claims alleged in her SAC, the District Court did not err in dismissing those claims with prejudice. Therefore, we will affirm.